The People of the State of Illinois, Defendant in Error, v. Marion Evans, Plaintiff in Error.

Gen. No. 9,166.

Opinion filed April 14, 1937.

L. H. HANNA, of Monmouth, for plaintiff in error.

EARL KNOX, State's Attorney, for defendant in error; CHARLES E. LAUDER and FREDERICK H. LAUDER, both of Monmouth, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The State's attorney of Henderson county filed an information in the county court against Marion Evans,

charging him with the offense of driving a motor vehicle on the public highways in said county while he was under the influence of intoxicating liquor. The case was submitted to a jury for trial, who found the defendant guilty. The court sentenced the defendant to pay a fine of $500 and costs of suit, and to serve a term of 30 days in the county jail of said county. From this judgment the defendant, Evans, has sued out a writ of error to this court.

The original information, consisting of two counts, was filed on April 18, 1936. On April 30, an amended information was filed. The first count of the amended information sets forth a former conviction of the defendant, of driving a motor vehicle upon the public highways while he was under the influence of intoxicating liquor. To this amended information, the defendant entered a plea of not guilty. On June 9, 1936, the defendant entered a motion to exclude all counsel, other than the State's attorney, from participating in the prosecution of the suit. This motion was overruled. The case was then submitted to a jury, but they did not agree upon a verdict.

The case was set for a second trial on August 3, 1936, at which time the State's attorney entered a motion for leave to file an amended information. The defendant objected to the granting of said motion, but the objections were overruled and leave granted to file the amended information. The amendment was filed and a motion to quash the amended information was overruled. The defendant was then arraigned and entered a plea of not guilty to the amended information. It was upon this lastly amended information that the trial was had and the defendant found guilty.

The plaintiff in error insists that the trial court erred in allowing the State's attorney to file the second amended information. The second amendment was filed within a few months after the arrest of the defendant. The matter of amendment is largely in the

discretion of the trial court. We cannot see in what manner the defendant's rights could be prejudiced by the court granting leave to make this amendment.

The plaintiff in error insists that the court erred in permitting a witness for the People to testify, without giving notice to the defendant prior to the time of the trial. The defendant made no request for the names of the witnesses to be used against him. On the prosecution of a misdemeanor, the law does not require all the names of witnesses to be indorsed on the information, nor a list of them furnished to the defendant.

At the time of the arrest of the defendant, a lady was riding with him in his motor vehicle. In response to a question by an officer, whether they had any intoxicating liquor in the car, this young lady reached into the front of the automobile and handed him a bottle containing intoxicating liquor. This bottle of liquor was introduced in evidence and the plaintiff in error insists that it was error to admit it in evidence as the same has not been properly identified. In this, we think, he is in error, as the evidence connects this bottle of liquor step by step from the time it was handed to the officer by the young lady, until it was introduced in evidence in the case. The bottle was not uncorked before the jury, and was not permitted to be taken to the jury room with them. We find there was no error in the admission of this evidence.

After the jury had been instructed by the court and had been placed in charge of an officer, the jurors were permitted to talk to other people, and no doubt, were not kept together as they should have been. There is no showing that the defendant's rights were in any way jeopardized by the misconduct of the jury.

The complaint is made that the court erred in giving instructions for the plaintiff, especially instructions numbers 7, 9, and 11. The seventh instruction, in our opinion, states the law most favorable to the defendant. It seems to us that there can be no question that the

words used relative to the condition of the defendant must be brought about by the influence of intoxicating liquor. It is our conclusion that the court did not err in giving this instruction. The ninth and eleventh instructions both relate to the charge in the first count of the amended information in which they charge the defendant of a second offense of driving a car while under the influence of intoxicating liquor. Whether these instructions state the law correctly is immaterial in this case, because the jury have found the defendant not guilty of this charge, so that he cannot be prejudiced in any manner by the giving of these two instructions.

There is no evidence in the record upon which to base the defendant's refused instructions. No one testified that the defendant, at the time he was arrested, was under excitement, nervousness, or anger. Nor is there any evidence that in any way tends to show that while the defendant was operating his car just prior to the time he was arrested, there was anything to cause him to be excited, nervous or angry. The court properly refused to give this instruction.

The plaintiff in error strenuously contends that there is not sufficient evidence to sustain a conviction that at the time he was driving the automobile he was under the influence of intoxicating liquor. The officers testified that they followed the defendant from Monmouth to the village of Kirkwood, in Henderson county; that the defendant drove his car in a zigzag manner across the highway; that a part of the time the car was on the pavement and part of the time on a part of the shoulder; that they followed him for several miles and arrested him in Henderson county; that in his presence, the lady who had been riding with him handed the officer the bottle of liquor and they could smell intoxicating liquor upon the defendant's breath; that he seemed to be in a sort of a stupor, slow of

speech, rather helpless, and his eyes terribly blood-shot; that in their opinion, he was intoxicated.

Doctor C. J. Eads testified that on April 15, he went to the jail where the plaintiff in error was confined. He said two policemen called for him and wanted him to go to see the defendant. He testified that the first thing he noticed was a very strong smell, or odor, of some kind of a stimulant on the defendant's breath. The doctor said, ''His general look and his heart action and several other different things went to tell me—I wouldn't say he was drunk, but I do say he was under the influence of a stimulant.'' Q. ''Intoxicating?'' A. ''Yes sir. I had a conversation with him, and he did not look like he was exactly right for a sober man. The expression of his eyes, his actions, and so on. There is always a peculiar glint in a man's eyes. If you are experienced along that line you can pretty well tell when he is under the influence of liquor. His eyes, more or less, squint up and there is a peculiar glint in them. I don't know how to describe it, but it is so. His eyes showed he had had some booze. I have an opinion as to whether he was under the influence of intoxicating liquor. I would say he was somewhat under the influence of liquor.'' The doctor also examined People's Exhibit No. 1, and testified that the bottle contained whiskey. This evidence remains in the record undisputed. We think the evidence shows beyond a reasonable doubt, that the plaintiff in error was guilty of driving a motor vehicle on the public highways while under the influence of intoxicating liquor. We find no reversible error in this case, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*