(No. 41037.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RUSSELL NILSSON, Appellant.

*Opinion filed January 21, 1970.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender of Chicago, (SUZANNE M. KOHUT, JAMES N. GRAMENOS, and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER

C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Russell Nilsson was found guilty of burglary in a Cook County jury trial. He contends here that his retrial, after a mistrial was ordered for failure of the jury to reach a verdict, constituted double jeopardy. Defendant also objects to the admission into evidence of his confession and the recovered goods, claiming he was illegally arrested and that his confession and his consent to a search were involuntary. Finally, he urges that certain jury instructions and the prosecutor's closing argument were improper.

Defendant concedes that thus far the Supreme Courts of both Illinois and the United States have sanctioned the rule that the constitutional prohibition against double jeopardy does not bar a new trial following the declaration of a mistrial because of failure of the first jury to reach a verdict. (*United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165; *People* v. *DeFrates,* 395 Ill. 439; *Dreyer* v. *People,* 188 Ill. 40, aff'd, 187 U.S. 71, 47 L. Ed. 79, 23 S. Ct. 28.) This proposition is well settled, and we are not disposed to depart from it now. Therefore, in the absence of any abuse of discretion in the trial court's dismissal of the first jury, we find that the subsequent conviction of defendant in a second trial is constitutionally permissible.

Defendant next contends that the circumstances attending his arrest, his confession, and his consent to the search which produced the stolen goods were such as to require suppression of the confession and the recovered property. Defendant was arrested without a warrant and claims here for the first time that there was no probable cause for the arrest. Therefore, he argues, evidence adduced thereby was inadmissible as "fruit of the poison tree." Since this argument was not raised in his motion to suppress or at any time

prior to this appeal, we find that the issue was waived. (*People* v. *Moore,* 43 Ill.2d 102, 106.) Pursuant to defendant's motion to suppress, a hearing was held to inquire into the voluntariness of his confession and his consent to the search of the home in which he resided with his parents. We have reviewed the conflicting testimony of defendant and the arresting and interrogating officers on this question, and conclude that the trial court was clearly justified in finding that the confession and consent to search were voluntarily given. See *People* v. *Myers,* 35 Ill.2d 311, 319-20; *People* v. *Spencer,* 27 Ill. 2d 320, 325-26.

The two contested jury instructions dealt with the application of presumptions: first, where the exclusive possession of recently stolen property is unexplained; and second, where either the defense or prosecution fails to call a material witness peculiarly within the power of that party to produce. Defendant argues that to instruct the jury that unexplained possession may yield a presumption of guilt in effect requires the defendant to testify and thereby unfairly permits introduction of evidence relating to prior convictions. It is further urged that such a circumstance effectively denies defendant the constitutionally guaranteed right to remain silent. We find no merit in this argument; the instruction properly stated the effect of the evidence, and it was the strength of the evidence rather than the jury instruction which moved the defendant to testify. The instruction on the presumptive effect of a party's failure to call a material witness was also proper. It correctly limited the range of the presumption to witnesses peculiarly within the power of one party to produce. Defendant contends that one of his four possible alibi witnesses would have presumably been entitled to refuse to testify by invoking his right against self-incrimination, since he stood accused of being an accomplice in the burglary. It is apparently defendant's argument that therefore the alleged accomplice was not available to defendant, and that the instruction misled the jurors since

they were unaware of this problem and would presume defendant avoided calling the witness because his testimony would not be supportive of the alibi. We do not find any merit whatever in defendant's argument. He maintains that the instruction somehow led the jurors to reach the allegedly incorrect conclusion that the witness-accomplice was equally available to both defendant and the State. Whether we accept the proposition that the witness was equally available, or only available to the State, is of no consequence—the instruction clearly limited the unfavorable presumption to instances where a witness was available *only to defendant.* We see no prejudice to defendant arising from the instruction.

The final point raised by defendant concerns the prosecutor's reference, during closing argument, to defendant's failure to support his alibi with the testimony of the alleged alibi witnesses. The authority in Illinois is conflicting on the question whether such comment is improper. (See *People* v. *Rubin.* 366 Ill. 195, 198; *People* v. *DeLordo,* 350 Ill. 148, 161-62; *People* v.*Munday,* 280 Ill. 32; *People* v. *Smith,* 74 Ill. App.2d 458, 463-64; but see, *People* v. *Swift,* 319 Ill. 359, 365-66; *People* v. *Smith,* 105 Ill. App.2d 8, 11-12; *People* v. *Sanford,* 100 Ill. App.2d 101, 104-05.) There can be no question, however, as to the rule that improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused. (*People* v. *Stahl,* 26 Ill.2d 403, 406; *People* v. *Swets,* 24 Ill.2d 418, 423; *People* v. *Berry,* 18 Ill.2d 453, 458.) Since we are of the opinion that the prosecutor's remarks here were so minor that they could not have been a material factor in defendant's conviction, and therefore cannot constitute reversible error, we need not consider their propriety.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.