THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. RITZERT, Defendant-Appellant.

(No. 72-338;

Second District—March 8, 1974.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Haskell M. Pitluck, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a jury found the defendant, John Ritzert, guilty of driving while intoxicated, his driving privileges were revoked and he was fined $350, plus costs of $53.40.

For purpose of decision, we consider only one assigned error—the trial court's allowing the jury to separate during deliberations.

At 4:50 P.M., the jury retired to consider its verdict. At 9:00 P.M., no verdict having been reached, the court, desirous of sending the jury home for the evening, requested counsel to agree on a proper procedure, querying them as to whether a mistrial should be declared or the jurors allowed to return on the following morning to resume deliberations. The State voiced preference for the latter alternative; defendant took the

position that a mistrial should be declared. Despite counsels' disagreement, the judge had the jury brought to the courtroom, instructed them that they were to return at 9:00 A.M. the following morning to resume deliberations and that until they returned to the jury room the next day, they were to talk to no one, including fellow jurors, about the case.

The next morning, the court inquired of each juror, singly and jointly, whether they had discussed the case with anyone since their departure the prior evening. The answers, singly and jointly, indicated that they had not. At this time, the defense objected to the separation of the jurors and the court noted that no objection had been made at the time of the jury's release.

Commencing with the common law, a jury, once selected in a capital case, was to be kept in charge of an officer of the court from commencement of trial until the rendition of the verdict unless otherwise ordered by the court or by consent of both counsel. The 1845 statute provided that when the jury retired to consider its verdict in any criminal case, an officer was to be sworn to attend them and:

> "* * * keep them together without meat or drink, water excepted, unless by leave of the court, until they shall have agreed upon their verdict, nor suffer others to speak to them, and that when they shall have agreed on their verdict, he will return them into court: *Provided, however,* That in any cases of misdemeanor only, if the prosecutor for the people, and the person on trial, by himself or counsel, shall agree, which agreement shall be entered upon the minutes of the court, to dispense with the attendance of an officer upon the jury, or that the jury, when they have agreed upon their verdict, may write and seal the same, and after delivering the same to the clerk, may separate: * * *."

(Rev. Stat. 1845, § 189, p. 186.)

In *McKinney v. People,* 7 Ill. 540, 553 (1845), where the defendant was sentenced to death for murder, a rule of law developed which was the forerunner to the relaxation of the strict adherence to both the common law and the statute as regards the conduct of the jury during the trial and communications with it during deliberations. While the facts are vague, it seems that the jury, during the course of trial, was allowed to go home overnight without consent of the defendant. The court stated:

> "In this case, if the jury did separate without the consent of the prisoner, it was an irregularity, and the Court below would, upon the fact being established, have been bound to set aside the verdict and grant a new trial, unless such separation was the result of misapprehension, accident or mistake on the part of the jury,

and under circumstances to show that such separation could, by no possibility, have resulted to the prejudice of the prisoner.[1] The prisoner was in court with his counsel, and if the court had permitted the jury to disperse without the consent of the prisoner, such fact being established by a bill of exceptions, would have been sufficient ground to reverse the judgment. As it is, this court is bound to infer, either that the court directed the jury to be kept together, or, if they dispersed, it was by consent."

Twelve years later, in another murder case, some of the jurors, after being accepted and sworn but before the entire panel was selected, went to a public grocery with others and imbibed in spirituous liquors. Justice Breese, writing for the court, found that while the officer in charge of the jury should have been punished, the verdict was not vitiated. (*Davis v. People*, 19 Ill. 73, 77 (1857).) Two years thereafter, in *Jumpertz v. People*, 21 Ill. 374 (1859), during the course of a murder trial, four jurors were allowed to separate from the rest without the presence and beyond the hearing of the officers in charge. The court, invoking the *McKinney* rule, found the separation by itself to be prejudicial, but Justice Breese in his dissent stated that separation alone should not vitiate the verdict. "There should be some proof, some reasonable suspicion at least, that such separation was to the prejudice of the prisoner." *Jumpertz v. People*, 21 Ill. at 422.

Four years later, the statute quoted above was interpreted by the court. In *Reins v. People*, 30 Ill. 256 (1863), the defendant was found guilty of manslaughter. Prior to the jury's deliberation, defendant agreed that if the jury reached a verdict that night, they might seal it and separate, returning the verdict into court the next day. On appeal it was contended that the statute allowed sealed verdicts only in misdemeanor cases and, despite defendant's consent, it was reversible error for the jury to separate during deliberations in a felony case. While the case was reversed on other grounds, the court, through Justice Breese, after noting that *the defendant assumed the offense was not a misdemeanor,* then quoted only the proviso of the statute which related to misdemeanors and, relying upon this, reiterated the rule set forth in *McKinney,* ignoring the fact that that case involved separation of the jury during trial. Subsequently, in *Miller v. People*, 39 Ill. 457 (1866) (robbery), Justice Breese extended his earlier rationale from *Davis* and *Reins, supra,* and, without a factual background, announced the rule applicable to the separation of the jury during deliberations, stating, at page 467:

---

[1] "* * * under circumstances to show that such separation could, by no possibility, have resulted to the prejudice of the prisoner" seems to place upon the State the burden of showing no prejudice.

"As to the misconduct of the officers in suffering individual jurors to separate from the panel after the case was committed to them, in the absence of undue influences upon them while so separate, we would not for that reason set aside a verdict otherwise proper. The officer deserves the punishment of the court, but there is no proof the prisoners have been prejudiced by his misconduct."

Separation of the jury during deliberations was next discussed in *Waller v. People*, 209 Ill. 284 (1904), where the defendant, convicted of murder, argued this point as error. In a motion for a new trial, supported by affidavit, it was claimed that during deliberations one juror separated from the others, went a distance of approximately 150 yards and was absent for a considerable time. The court, responding to this issue, stated at page 289:

"In a case of this character the jury should not be allowed to separate, while deliberating upon their verdict, under circumstances where any harm could possibly come to the defendant from the separation. (*McKinney v. People*, 2 Gilm. 540; *Jumpertz v. People*, 21 Ill. 374.) There may be circumstances, however, that would necessitate a juror being absent from the others for a time in charge of an officer, and there is nothing in the affidavit to show that the juror was not in charge of an officer all the time or that he had any opportunity to communicate with any other person. The affidavit does not state the length of time that the juror was separated from the jury, where he went or what the circumstances were, and we regard it as insufficient to justify a new trial."

In *People v. Evans*, 290 Ill.App. 75, 77 (1937), and *People v. Long*, 5 Ill.App.2d 234 (1955), the defendants (as here) were charged with driving while under the influence of liquor and the jury was allowed to separate during deliberations. In each, it was held that the jury's verdict would not be set aside when there was no showing of injury or prejudice to the defendant as the result of such separation.

In our search of Illinois law, only *Miller, Waller, Evans* and *Long, supra,* specifically address the question before us: the propriety of separating a jury during deliberations. None of these cases discussed the statute. Each is factually distinguishable and therefore not controlling. In *Miller,* the separation was not assigned as error and the quoted section (above) amounted to *dicta.* In *Waller* there was a question of whether a separation took place without the presence of a court officer. In *Long,* the defendant consented to the separation and for authority relied upon cases where the juries separated during the course of trial (*People v. Wilson*, 400 Ill. 461 (1948), and *People v. Casino*, 295 Ill. 204 (1920)). In *Evans,* the jurors were permitted to talk to others and

this court assumed a separation; the decision, however, reveals no substantiation in fact for such assumption.

■■ Having discussed the case law, we now turn to the statutory law. Today's statute allows the jury, in all criminal cases, to separate prior to final submission of the cause for deliberation and, upon agreement of the parties, after reaching and sealing their verdict. (Ill. Rev. Stat. 1971, ch. 38, § 115—4(m).) Previous decisions on separation during trial have, therefore, been preempted by the legislature. The *McKinney* rule, however, is still applicable when, during trial, the jury is sequestered in accordance with § 115—4(m) (*People v. Hanson*, 31 Ill.2d 31, 41-42 (1964)), or when communication with the jury during deliberation is urged as error. *People v. Rettig*, 50 Ill.2d 317, 319-320 (1972).

The pertinent 1845 statute remained basically unchanged until 1963 when the legislature modified the language and eliminated any exception as to misdemeanor offenses. It now reads:

> "When the jury retires to consider its verdict an officer of the court shall be appointed to keep them together and to prevent conversation between the jurors and others. Upon agreement between the State and defendant or his counsel the jury may seal and deliver its verdict to the clerk of the court, separate, and then return such verdict in open court at its next session." Ill. Rev. Stat. 1971, ch. 38, § 115—4(*l*).

Defendant's failure to object to the separation is in this instance of no consequence. Not only does the record clearly negate any implied agreement but the agreement sought was not that which is permitted under the statute where it is only after the jury has concluded deliberations and sealed their verdict that they may separate by agreement of counsel.

■■ Aware that the federal courts are neither governed by statute or common law on the issue, we nevertheless take cognizance that most circuits have held that separation of the jury during deliberation is not per se reversible error or a lack of due process.[2] We empathize with the more

---

[2] *United States v. Siragusa* (2d Cir. 1971), 450 F.2d 592, *cert. denied* (1972), 405 U.S. 974, 31 L.Ed.2d 248, 92 S.Ct. 1195; *Bratcher v. United States* (4th Cir.) 149 F.2d 742, *cert. denied* (1945), 325 U.S. 885, 89 L.Ed. 2000, 65 S.Ct. 1580; *United States v. Harris* (5th Cir.), 458 F.2d 670, *cert. denied* (1972), 409 U.S. 888, 34 L.Ed.2d 145, 93 S.Ct. 195; *United States v. Palacio* (5th Cir. 1973), 477 F.2d 560; *Blackmon v. United States* (6th Cir. 1973), 474 F.2d 1125; *Cardarella v. United States* (8th Cir.) 375 F.2d 222, *cert. denied* (1967), 389 U.S. 882, 19 L.Ed.2d 176, 88 S.Ct. 129; *United States v. Menna* (9th Cir. 1971), 451 F.2d 982, *cert. denied* (1972), 405 U.S. 963, 31 L.Ed.2d 238, 92 S.Ct. 1170; *Hines v. United States* (10th Cir. 1966), 365 F.2d 649; *Brown v. United States* (D.C. Cir.), 99 F.2d 131, *cert. denied* (1938), 305 U.S. 562, 83 L.Ed. 354, 59 S. C. 97.

*Contra, United States v. D'Antonio* (7th Cir. 1965), 342 F.2d 667; *United States v. Panczko* (7th Cir. 1965), 353 F.2d 676, *cert. denied* (1966), 383 U.S. 935, 15 L. Ed.2d 853, 86 S.Ct. 1066.

enlightened federal practice, but adoption of such procedure in Illinois lies with the legislature. Subsection ($l$) clearly and unambiguously requires that a jury be kept together during deliberations prior to reaching a verdict. The trial court, without any support in the law, committed error in allowing the jury's separation during deliberation.

The judgment is reversed and the cause remanded for a new trial.

Judgment reversed; cause remanded.

GUILD, P. J., and SEIDENFELD, J., concur.