THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AUGUSTO MARTINEZ, Defendant-Appellant.

First District (1st Division)    No. 62411

Opinion filed February 7, 1977.

James J. Doherty, Public Defender, of Chicago (Roberta K. Cole and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

Augusto Martinez, Sr., hereafter defendant, was charged by indictment with the murder of George Zayas and the aggravated battery of Luciano Reviro and found guilty of those crimes by a jury in the Circuit Court of Cook County. After a hearing in aggravation and mitigation defendant was sentenced to concurrent terms of 14 years to 14 years and one day for the murder and one to five years for the aggravated battery. Defendant appeals contending that the jury unlawfully separated during the course of their deliberations; that the trial court improperly instructed the jury; and that certain remarks made by the prosecution during closing argument were improper and prejudicial. No question is raised concerning the sufficiency of the evidence.

On November 10, 1974, the defendant had an altercation with Jose Zayas, Sr., Jose Zayas, Jr., and George Zayas. The fight began in the basement and moved into the backyard of the apartment building owned by Jose Zayas, Sr., wherein he and defendant resided. As the fight moved into the backyard, Luciano Reviro, who had been working nearby, attempted to intervene and was slashed in the arm by the defendant. The fight continued into the gangway of the building where George Zayas collapsed from a stab wound inflicted by the defendant. The trial was held in the criminal court building at 2600 South California Avenue in Chicago. At 1 p.m., after hearing closing arguments and receiving their instructions the jury commenced deliberation. While returning from dinner, at approximately 6 p.m., eight jurors were granted permission by the deputy sheriff, to leave his presence and move their cars from where they had left them earlier in the day to a guarded parking lot in the rear of

the court building. At this time defense counsel Kent Brody returning from dinner with another lawyer encountered one of the jurors as all three were waiting for a light to change. The juror said "Hello" to Mr. Brody who responded "Hello. I wish I could say something to you but I can't." Shortly thereafter Mr. Brody encountered two more jurors, a Mrs. Holzkamp and a Mr. Hays. As Mrs. Holzkamp went to her car in a nearby parking lot, there ensued a brief conversation between Brody and Hays. According to Brody, Hays said "You must have done something right, Mr. Brody, we're all tied up." Whereupon Mr. Brody replied "Oh, really?" and continued on his way. Upon returning to court defense counsel moved to dismiss the indictment on grounds that (1) the jurors had separated unlawfully during the course of their deliberations; and (2) defense counsel's restrained conversation with the two jurors resulted in prejudice to the defendant. After a hearing *in camera* during which testimony was elicited both from Mr. Brody and from the deputy sheriffs involved, the court denied the motion. Defendant then moved for a mistrial which the court denied. Subsequently, at 9:45 p.m., the court summoned the jury and instructed them that because the hour was late and since they had deliberated in excess of eight hours arrangements had been made to accommodate them for the night in dormitories at the House of Correction across from the courthouse. The court further stated that the jury could, if they so chose, continue deliberation for another half hour or so and postpone their dormitory arrangements. The jury chose to continue deliberation for the extra half hour. Thereafter, outside the presence of the jury, defense counsel objected to the court's instruction as being coercive. At 10:20 p.m., the jury returned a guilty verdict and the court entered judgment on the verdict.

Defendant initially contends that the unauthorized separation of the jury during deliberation and prior to reaching a verdict was reversible error. We do not agree.

■■ The Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(1)) sets forth the law governing separation of juries prior to reaching a verdict:

> "When the jury retires to consider its verdict an officer of the court shall be appointed to keep them together and to prevent conversation between the jurors and others. Upon agreement between the State and defendant or his counsel the jury may seal and deliver its verdict to the clerk of the court, separate, and then return such verdict in open court at its next session."

Defendant, relying primarily upon the case of *People v. Ritzert* (1974), 17 Ill. App. 3d 791, 308 N.E.2d 636, urges this court to narrowly construe the statutory language so that any separation, *per se*, constitutes reversible error. In *Ritzert*, unlike the case at bar, the trial judge permitted the jury

to separate for the night, return home, and resume deliberations in the morning. In the instant case, the trial judge did not permit the jury to separate and return home during the course of their deliberations but prior to reaching a verdict. The record indicates that it was the deputy sheriffs who allowed the jurors to separate briefly, while returning from dinner, in order to move their cars into a guarded parking lot. Defendant further cites the cases of *United States v. D'Antonio* (7th Cir. 1965), 342 F. 2d 667, *United States v. Panczko* (7th Cir. 1965), 353 F. 2d 676, *Jumpertz v. People* (1859), 21 Ill. 375, and *McKinney v. People* (1845), 7 Ill. 540, in support of his contention. However, each case cited is factually distinguishable from the instant case and therefore not controlling. As stated by our Supreme Court in *People v. Hanson* (1964), 31 Ill. 2d 31, 41-42, 198 N.E.2d 815, 820:

> " ' * * * [W]here the separation [of the jury was] * * * by inadvertence or carelessness of the jurors or of the officer, or of both, the verdict will not be set aside unless it is clearly shown the jurors were operated on in some way to the prejudice of the prisoner.' "

Immediately upon learning that the jury had separated, the court conducted a hearing *in camera* to determine whether or not the jurors were operated on in some way to the prejudice of the defendant. The court found from the evidence that the degree of separation was insufficient to prejudice the defendant. In addition, the trial court determined that no prejudice to the defendant resulted from the jurors inadvertent contact with defense counsel. Conversations of a juror with other persons does not constitute grounds for a new trial unless it is shown to have prejudiced the rights of the defendant. (*People v. Georgev* (1967), 38 Ill. 2d 165, 230 N.E.2d 851.) The determination of whether jurors have been prejudiced is left to the sound discretion of the trial court, based on facts and circumstances in the case, and the nature of the prejudicial material. *People v. Zamorano* (1974), 16 Ill. App. 3d 807, 306 N.E.2d 902.

■■ The record evinces no showing of prejudice to the defendant or abuse of discretion by the court below. We therefore hold that there is no merit to defendant's initial contention.

The defendant next complains that the trial court improperly instructed the jury coercing its verdict. We disagree.

■■ The record indicates that at approximately 7:15 p.m., during the previously described *in camera* hearing the court learned that the jury was "all tied up" as of 6 p.m. Later, at 9:45 p.m., the court, in the presence of counsel, instructed the jury regarding their sleeping accommodations as hereinbefore set forth. The length of jury deliberations rests within the sound discretion of the trial court. (*People v. Alexander* (1973), 15

Ill. App. 3d 607, 305 N.E.2d 61.) Moreover, we find the cases cited by the defendant all factually distinguishable and not dispositive of the issue. In *People v. Golub* (1929), 333 Ill. 554, 561, 165 N.E. 196, 199, the court said to the jury after first determining that they were divided numerically 9 to 3, "You ought not have any difficulty in reaching a verdict on this evidence"; likewise in *Jenkins v. United States* (1965), 380 U.S. 445, 446, 13 L. Ed. 2d 957, 958, 85 S. Ct. 1059, the court advised the deadlocked jury "You have got to reach a decision in this case"; and in *Brasfield v. United States* (1926), 272 U.S. 448, 71 L. Ed. 345, 47 S. Ct. 135, the Supreme Court held it reversible error to determine how a jury was divided numerically. The record herein discloses no evidence whatsoever to support defendant's contention of coercion. Rather the colloquy between the court and jury, when read in its entirety, connotes concern on the part of the court for the health and well being of the jurors. Where the trial court's inquiry to the jury demonstrates concern for the jury's comfort rather than coercion there is no reversible error. (*People v. Drayton* (1972), 7 Ill. App. 3d 812, 288 N.E.2d 922.) Finding no abuse of discretion nor coercion by the trial judge, we reject defendant's second contention.

■■■ Defendant's final contention is that the prosecution made improper remarks during closing argument to the jury. Specifically during closing argument the prosecuting attorney characterized the State's witnesses as "candid" and "honest." Later, in reference to the State's witnesses, the prosecutor remarked: "They are to be believed." The defendant contends that the aforementioned comments were the personal opinion of the prosecutor. We do not agree. The prosecuting attorney was merely commenting on the credibility of the State's witnesses. It is well settled that in closing argument to the jury a prosecutor may discuss the witnesses and their credibility. (*People v. Oden* (1975), 26 Ill. App. 3d 613, 617, 325 N.E.2d 446, 449.) Nor do we find, as defendant contends, that the prosecutor's remarks concerning a "shifting type of defense" were so highly prejudicial so as to effectively deny defendant a fair trial. For improper comments to be sufficient to merit reversal they must be of a substantial magnitude when viewed in light of the entire record and argument. (*People v. Odum* (1972), 3 Ill. App. 3d 538, 279 N.E.2d 12.) Improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused. (*People v. Nilsson* (1970), 44 Ill. 2d 244, 248, 255 N.E.2d 432, 434.) Where the improper comments do not constitute a material factor in the conviction, or are of such a minor character that prejudice to the defendant is not their probable result, the verdict will not be disturbed. (*People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257.) After a careful consideration of the prosecutor's remarks concerning a "shifting type of defense," in light of the entire record and

argument, we hold that they resulted in no substantial prejudice to the defendant.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.