Edward KIMOKTOAK, Appellant,

v.

STATE of Alaska, Appellee.

No. 3212.

Supreme Court of Alaska.

May 12, 1978.

Eric T. Sanders, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Monica Jenicek, John Scukanec, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and CONNOR, BURKE, MATTHEWS and DIMOND Pro Tem., Justices.

OPINION

MATTHEWS, Justice.

The main issue in this appeal is whether the defendant was deprived of his right to sequestration of the jury when the trial judge allowed the jurors to separate for three days after they had begun their deliberations.

Edward Kimoktoak was charged with joyriding, operating a motor vehicle while

intoxicated, and operating a motor vehicle without a license. After Kimoktoak entered pleas of not guilty to all three charges, the cases were jointly tried to a jury.[1] At trial, the principal witnesses for the State were two officers from the Anchorage Police Department. The defendant called no witnesses on his behalf and the jury began its deliberations on Friday afternoon, July 2, 1976. Shortly before 6:00 p. m., the court received a request from the jury to hear a replay of a portion of one of the police officer's testimony. In the absence of the defendant, and over the objection of defense counsel that the defendant be present, the court listened to the testimony of the bailiff on the nature of the jury's request. After hearing arguments by counsel on whether the tape should be replayed, the court decided to allow the replay but that a replay would not occur until the following Tuesday—after the three day Fourth of July weekend. Defense counsel protested the delay but was overruled. After giving the jury an admonition,[2] the court excused the jury until the following Tuesday.

On Tuesday, July 6, the court reconvened and allowed the jury to hear a replay of the officer's testimony. Shortly thereafter, the jury returned a verdict of guilty on the charge of operating a motor vehicle while intoxicated and not guilty on the joyriding charge. The conviction was affirmed by the superior court. This appeal followed.

■ Criminal Rule 27(e)(2)[3] requires that once a jury has begun its deliberations it must remain under the charge of the court until a verdict is agreed upon, unless the parties agree to allow the jurors to return to their homes for reasonable periods of rest. In this case, the defendant refused to stipulate that the jurors be allowed to separate; sequestration therefore became mandatory until a verdict was reached. The state concedes that the trial court did not follow the language of Criminal Rule 27(e)(2), but argues that the rule does not apply to district court proceedings.

■ District Court of Criminal Procedure 1 provides, in preamble form:

Whenever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of district courts presided over by district judges and magistrates.

First, the State argues that the court had no capacity to replay the tape on Friday afternoon "in that no clerk was available." The transcript reveals a conversation between the clerk and the judge at the end of that day's proceedings, as well as a transcription of the clerk's conclusion of the proceedings. Further, it is within the power of the court to order a clerk to the courtroom to replay a tape.

■ Second, the State contends that the court system did not have the logistical capability for sequestration of the jury. The court system in Anchorage has 14 double rooms available in the courthouse basement expressly for this purpose and a trial judge has immediate access to these facilities. If these rooms are utilized by other juries, the judge has authority to seek per-

---

1. After trial had begun, the charge of operating a motor vehicle without a license was dismissed by the court.

2. Upon discharging the jury, the court said: I want to be particularly careful here to admonish you that you are not to converse with any person regarding this trial, including other jurors on any subject connected with the trial, you're not to talk to anybody about the case including your husband, your wife at home, or anyone else, and you're not to permit anybody to discuss the case with you. Just don't talk about the trial until you come back to decide it on Tuesday.

3. Criminal Rule 27(e)(2) provides:

(2) The jury shall be and remain under the charge of an officer of the court until they agree upon their verdict or are discharged by the court; except that the court with the agreement of the parties, may permit the jurors to adjourn their deliberations to return to their homes for reasonable periods of rest. Such periods of adjournment for rest shall be ordered only after hearing from all parties outside the presence of the jury. The admonition set forth in section (c) shall be given before any adjournment for rest, and the court shall specifically state that no deliberations are to take place unless all jurors are present in the jury room.

mission from the trial court administrator to obtain accommodations for jury sequestration in a private hotel. Thus, the State's logistical arguments are unfounded; this is not a situation where the application of the Criminal Rules to a district court trial was impracticable.

We recognize that in jurisdictions where case law, a statute, or a rule of court prohibits jury separation after the commencement of deliberations the general rule is that prejudice to the defendant will be presumed if a jury is allowed to separate during deliberations; the State then has the burden of rebutting the presumption. *Stuckey v. State,* 213 Ga. 525, 100 S.E.2d 189, 192 (1957); *Gibson v. State,* 512 P.2d 1399, 1400 (Okl.Cr.1973); *Goodall v. State,* 501 S.W.2d 342, 343 (Tex.Cr.App.1973); *State v. Connors,* 59 Wash.2d 879, 371 P.2d 541, 545 (1962). We are disinclined to adopt this view. There is respectable contrary authority holding that where the court allows the jury to separate during deliberations it is *per se* reversible error. *United States v. D'Antonio,* 342 F.2d 667 (7th Cir. 1965); *People v. Ritzert,* 17 Ill.App.3d 791, 308 N.E.2d 636 (1974); *Commonwealth v. Della Porta,* 324 Mass. 193, 85 N.E.2d 248 (1949). *See United States v. Panczko,* 353 F.2d 676 (7th Cir. 1965), *cert. denied,* 383 U.S. 935, 86 S.Ct. 1066, 15 L.Ed.2d 853.[4] We adopt this view because of the inherent difficulty in obtaining reliable information on whether there has been misconduct. "When there has been a prolonged separation, during which jurors moved about at will, affidavits or testimony of the jurors that they had not discussed the case or been guilty of other misconduct would be a mere

formality, and not capable of refutation by the accused. To give such evidence effect as proof of absence of prejudice, against a helpless defendant, would be as illogical as to give the same effect to the presumption that the jurors had faithfully performed their lawful duties." *People v. Werwee,* 112 Cal.App.2d 494, 246 P.2d 704, 706–707 (1952).

Kimoktoak raises a second issue in his brief with regard to the court's failure to secure his presence in the courtroom when the court heard arguments by counsel on (1) whether the jury could hear a replay of the officer's testimony and (2) whether the jury would be allowed to separate once deliberations had begun.[5] Defendant's presence was plainly required in both instances by Criminal Rule 38.[6] *State v. Hannagan,* 559 P.2d 1059, 1064 (Alaska 1977); *Gafford v. State,* 440 P.2d 405, 417 (Alaska 1968); *Noffke v. State,* 422 P.2d 102, 105 (Alaska 1967). Since reversal is required for failure to sequester the jury, it is unnecessary to determine whether the failure to secure defendant's presence during the instances in question was harmless error.

REVERSED AND REMANDED.

---

**4.** These cases should be distinguished from situations in which the court required sequestration but separation occurred by the inadvertence or carelessness of the jurors or the officer of the court, or both. *See, e. g. People v. Martinez,* 45 Ill.App.3d 939, 941, 4 Ill.Dec. 559, 561, 360 N.E.2d 495, 497 (1977). A determination of the rule of law applicable to such situations must await future adjudication.

**5.** The court, over objection by defense counsel, refused to secure the defendant's presence from the jail, reasoning that it would take a considerable amount of time to transport him

from the jail, and, further, his presence would add nothing to the colloquy between court and counsel.

**6.** Criminal Rule 38(a) provides:

*Presence Required.* The defendant shall be present at the arraignment, at the preliminary hearing, at the time of plea, at the omnibus hearing, and at every stage of the trial, including the impaneling of the jury and return of the verdict, and at the imposition of sentence, except as otherwise provided in this rule.