THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME FRANKLIN *et al.*, Defendants-Appellants.

First District (1st Division)   No. 77-884

Opinion filed September 11, 1978.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant Jerome Franklin.

Thomas Peters, of Murphy, Putnick, Peters & Davis, Ltd., of Chicago for appellant Rozell Perry.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Linda D. Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendants Jerome Franklin and Rozell Perry were each found guilty of five counts of armed robbery. The trial court entered judgments on these verdicts and sentenced defendant Perry to 5 to 8 years in the penitentiary and defendant Franklin to 4 to 7 years in the penitentiary. Both defendants now appeal to this court.

In this appeal both defendants contend (1) that they were denied a fair trial due to prejudicial comments by the State during closing argument, and (2) that the trial court committed reversible error in erroneously instructing the jury concerning possession of recently stolen property. Defendant Perry raises the additional contention that his sentence should be reduced to the sentence co-defendant Franklin received because Franklin possessed the gun and was the leader throughout the incident.

We affirm.

The testimony presented at trial established that at approximately 9:30 p.m. on August 13, 1975, Burnstine and Kenneth Shelby, Annie Morrison,

and William Trotter were awaiting a train at the "L" platform at 55th Street and the Dan Ryan Expressway in Chicago. As they waited, a man, later identified as defendant Franklin, walked past them and approached Maverick Rush who was also waiting for a train on the other end of the platform. Kenneth Shelby and Annie Morrison testified that Franklin had a gun as he walked past them. According to the testimony of the witnesses, after a short conversation between Mr. Rush and Franklin, Mr. Rush pulled out his wallet and handed Franklin some money. Franklin then walked toward the Shelbys, Annie Morrison and William Trotter. Holding a small gun, he warned them not to move. At this point three more men appeared. Mrs. Shelby, William Trotter and Annie Morrison identified defendant Rozell Perry as one of these three men. Perry took a 17-jewel Waltham watch from William Trotter. Franklin took $30 from Burnstine Shelby, $4 from Annie Morrison and a money clip and $22 from William Trotter. Another of the robbers took some money from Kenneth Shelby. Franklin also took Kenneth Shelby's vest and Seiko watch. The assailants then ran up the staircase.

Shortly thereafter a squad car arrived at the scene. Burnstine Shelby, Annie Morrison and Maverick Rush provided the police officers with descriptions of their assailants. Kenneth Shelby, his wife, William Trotter and Annie Morrison then went to Trotter's house, got into his car, and drove around the neighborhood in search of their assailants. Approximately an hour and a half later, they spotted defendant Franklin at 55th and State streets, approximately three blocks from where the armed robbery occurred. Approximately 15 to 20 other people were in the vicinity but defendant Franklin was standing by himself in front of a liquor store. The victims saw Franklin walk approximately 50 to 75 feet to the front of a tavern, where he met two of the other three men who participated in the armed robbery. Mrs. Shelby then flagged down a police car and, accompanied by William Trotter and Annie Morrison, told the officers of the robbery and the fact that the men who had robbed them were across the street. Additional officers arrived at the scene and, after chasing Franklin half a block and scuffling with Perry, the officers apprehended both defendants. At the time of his arrest, defendant Franklin was wearing the same vest taken from Mr. Shelby and a straw hat with a black band and flowered shirt he was wearing at the time of the offense.

One of the arresting officers, Officer Goff, testified that he recovered a bullet from Franklin's pocket at the scene of the arrest. Officer Goff also identified on an inventory sheet the items seized from the defendants at the time of their arrest. These items, a tan vest, a Waltham watch, a Seiko watch and a money clip, were identified as the proceeds of the robbery and received into evidence. At trial, Mr. Trotter identified the watch

recovered from defendant Perry by the diamonds at numbers 12, 3, 6 and 9, by its fading color, and by its band which had been changed from the original to a twistoflex. He identified the money clip by its writing, "genuine leather," and by the paint speckles on it acquired at his job as a painter. Also recovered from defendant Franklin was the vest Franklin was wearing at the time of his arrest. Defendants stipulated that the vest, a size 38, was the same size as the vest taken from Mr. Shelby.

A search of defendant Perry disclosed Mr. Shelby's watch, recovered from Perry's pocket. At trial, Mr. Shelby identified the watch by the blue ring on the inside of the face, by the days of the week written in Spanish on the face, and by a scratch on the crystal.

Defendant Perry called Officer Howard Rentz to testify. Officer Rentz testified that he was the first officer to interview the victims. He prepared a police report which made no mention of a tan vest or money clip as items taken in the robbery.

■■ ■ Defendants argue that they were denied a fair trial due to prejudicial comments made during closing argument. In this regard, defendants first contend that the prosecutor on numerous occasions erroneously interjected his personal beliefs concerning the credibility of witnesses. They cite the following comments: two instances in which the prosecutor stated that the testimony of certain State witnesses was forthright and honest. Although it is true that a prosecutor may not interject his personal beliefs into his closing argument (*People v. Hoffman* (1948), 399 Ill. 57, 77 N.E.2d 195), he or she may comment on the credibility of the State's witnesses. (*People v. Martinez* (1977), 45 Ill. App. 3d 939, 360 N.E.2d 495.) The instant comments were nothing more than fair comment on the credibility of the State's witnesses and were not error. Defendants further object to the prosecutor's prefacing numerous of his comments with "I submit." These words do not convey personal belief but merely refer something to others for decision. Such comment is not improper. See *United States ex rel. Clark v. Fike* (7th Cir. 1976), 538 F.2d 750.

■■ Defendants also complain of the following comment during closing argument:

> "I am sure witnesses in that witness box, and that witness box is not a pleasant experience, I can assure you they were here because they wanted to be here."

There was no objection to this comment and we therefore conclude that that objection thereto was waived. (See *People v. Arnold* (1974), 17 Ill. App. 3d 1043, 309 N.E.2d 89.) Furthermore, while we do not approve or condone the above comment, we do not find it so objectionable as to prejudice the defendants.

● 4 The defendants also object to the following comment:

"If you believe those people lied about the gun, you would be doing a disservice to the defendants and to everyone else if you find those guys guilty of robbery. If they lied about that gun, they lied about the, about seeing the gun. You use your common sense. Those people are just pathological liers [*sic*] and get this case out, these people are wrongly accused.

If you get to the point where you know, where you think they were lying about the gun and maybe there was no gun, and get to the robbery instruction, and remember, I'm asking one, I'm asking to return a guilty against the defendants. I'm recommending to you I wouldn't be able to sleep if you came back with a robbery. If you found—* * *."

The trial court sustained defense counsel's objection to the above comment and instructed the jury that personal feelings would not enter into the jury's deliberations. We believe the trial court's sustaining of the objection and instructing the jury to disregard the comment cured any prejudicial impact the comment could have had. Moreover, although the above comment is somewhat confusing, we believe that the import of that comment was merely that if the jury believed the prosecution's witnesses lied about the gun, then they lied about the robbery and consequently the jury should not convict the defendants of anything. We fail to see how such a comment could have prejudiced the defendants.

■■ Additionally, as we consider all of the allegedly prejudicial comments together, we believe the following remarks in *People v. Martinez* (1977), 45 Ill. App. 3d 939, 360 N.E.2d 495, appropriate:

"Improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused. (*People v. Nilsson* (1970), 44 Ill. 2d 244, 248, 255 N.E.2d 432, 434.) Where the improper comments do not constitute a material factor in the conviction, or are of such a minor character that prejudice to the defendant is not their probable result, the verdict will not be disturbed. (*People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257.)" (45 Ill. App. 3d 939, 943, 360 N.E.2d 495, 498.)

We believe that the instant comments did not constitute a material factor in the convictions and were of little, if any, prejudice to the accused. For that additional reason we see no reversible error resulting from any of those comments.

■■ Defendants next contend that the trial court committed reversible error when, over their objection, it tendered the following instruction:

"If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by armed robbery or robbery."

Both defendants first argue that the fact they were found to be in possession of recently stolen property provides no indication or proof beyond a reasonable doubt that they acquired that property by means of an armed robbery or robbery. We answered this specific contention in *People v. Hendricks* (1976), 41 Ill. App. 3d 178, 353 N.E.2d 177, where almost the identical instruction was given to the jury. Finding the instruction proper, the court in *Hendricks* reasoned as follows:

> "[T]he purpose of the inference mentioned in the instruction is not to prove the 'force' element of robbery, but rather that the defendant was one of the persons involved in the armed robbery described by the witnesses. (*People v. Curtis* (1972), 7 Ill. App. 3d 520, 524-25, 288 N.E.2d 35.) The instruction as to possession of stolen property must be read with all other instructions given to the jury. (*People v. Finch* (1946), 394 Ill. 183, 191, 68 N.E.2d 283.) These instructions adequately informed the jury of the elements of armed robbery. It is, therefore, not error for a jury to receive an IPI Criminal No. 13.21 instruction in an armed robbery case. *People v. Flowers* (1958), 14 Ill. 2d 406, 411, 152 N.E.2d 838; *People v. Powloski* (1924), 311 Ill. 284, 289-290, 142 N.E. 551; *People v. Curtis* (1972), 7 Ill. App. 3d 520, 524-525, 288 N.E.2d 35." 41 Ill. App. 3d 178, 181, 353 N.E.2d 177, 180.

■■ Both defendants, however, contend that in giving the instant instruction, the trial court committed multiple errors under *Barnes v. United States* (1973), 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357. In *Barnes* the court found no error in the giving of an instruction on recent possession of stolen property, but stated the following:

> "What has been established by the cases, however, is at least this: that if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard, then it clearly accords with due process." (412 U.S. 837, 843, 37 L. Ed. 2d 380, 386, 93 S. Ct. 2357, 2361-62.)

Assuming *Barnes* applies to the instant situation, we find no conflict with *Barnes*. Defendants first argue that *Barnes* mandates that before the instant instruction be submitted to the jury it contain all the elements of the offense charged. In the instant case the trial court instructed the jury to follow all the instructions given and not to single out certain instructions and disregard others. The jury was instructed on all the elements of the crimes charged. The State correctly notes the instruction concerning the inference arising from the recent possession of stolen property does not purport to be sufficient to support a conviction. It need not contain all the

elements of the offense charged because it is to be read with all other instructions given to the jury. See *People v. Finch* (1946), 394 Ill. 183, 68 N.E.2d 283.

■■ Defendants also contend that the jury should have been instructed that they had to find beyond a reasonable doubt that the defendants possessed the stolen goods before they could apply the inference. The instant instruction informed the jury that if they found recent, exclusive, unexplained possession they *may* infer. We believe that in light of the other instructions tendered concerning the elements of the crimes which indicated that if the jury found any element not proved beyond a reasonable doubt the jury should find the defendant not guilty, such a cautionary instruction was not necessary.

■■ The final argument under *Barnes* raised by defendant Franklin is that the jury should have been given a cautionary instruction that possession could be satisfactorily explained through circumstances independent of the accused's testimony. We see no necessity for such an instruction. The instruction tendered instructed the jury that they may infer if they found "that the defendant had exclusive possession of recently stolen property and there was no reasonable explanation of his possession." In effect, the instruction itself indicates that explanation for such possession could come from testimony or other evidence independent of the accused's testimony.

■■ Defendant Perry also urges on appeal that we reduce his 5- to 8-year sentence to 4 to 7, the sentence that co-defendant Franklin received. It is well settled that the question of sentencing is within the trial court's discretion and will not be interfered with on appeal absent an abuse of that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Moreover, the instant record reflects that at the hearing on sentencing the trial court considered the past criminal records of both defendants and noted that Perry's past criminal record was more serious than that of Franklin. We note that prior convictions are relevant in determining the appropriate sentence imposed. (*People v. Hart* (1971), 132 Ill. App. 2d 558, 270 N.E.2d 102.) We see no abuse of discretion in the instant sentences.

For the foregoing reasons the judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

O'CONNOR and BUCKLEY, JJ., concur.