THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD GENE MOORE *et al.*, Defendants-Appellants.

Fifth District   No. 78-232

Opinion filed March 3, 1980.—Rehearing denied May 2, 1980.

Edward Neville, of East St. Louis, for appellant Harold Gene Moore.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant Harold Gene Moore appeals from a judgment of the circuit court of St. Clair County entered on a jury verdict finding him

guilty of conspiracy, bribery and official misconduct. He was sentenced on each count to concurrent one- to three-year terms and fined $5000. He appeals contending that the trial court erred (1) in denying his motion to suppress certain recordings obtained by use of electronic eavesdropping equipment, and (2) in not declaring a mistrial due to alleged improper prosecutorial conduct. We affirm the judgment of the circuit court.

This case arose out of the same payoff investigation which is the subject of appeal in the case of *People v. Roberts*, 83 Ill. App. 3d 311, filed concurrently herewith. The facts set out therein are the same as in this case, with the exception that the recordings of conversations between IBI Agent George Murray and defendant Moore, then chief of police of East St. Louis, were made on March 25 and April 2, 1976. The procedures by which the State's Attorney's authorizations for the eavesdropping were sought and rendered need not be repeated here.

Appellant first contends that the trial court erred in denying his motion to suppress the aforesaid recordings. For the reasons stated in *People v. Roberts*, we disagree and accordingly affirm the judgment of the trial court.

Appellant also contends that certain instances of the prosecutors' conduct were grounds for a mistrial, which the trial court failed to grant. With respect to the State's Attorney's unresponsive answer and objection to the question, and the Assistant State's Attorney's opening remarks during closing arguments, we find that they are without merit for the reasons expressed in *People v. Roberts*.

In regard to the alleged prejudice resulting from the State's Attorney's efforts to pass a note to the Assistant State's Attorney, we recognize that counsel for appellant did timely object to such procedure, whereupon the trial court ruled the conduct impermissible. Subsequently, on the court's own motion, it prohibited the State's Attorney from passing a note from the witness stand. We believe that any error was cured by the trial court's quick and positive actions in ruling on this matter. (*People v. Johnson* (1979), 74 Ill. App. 3d 1037, 1046, 393 N.E.2d 40; *People v. Franklin* (1978), 64 Ill. App. 3d 400, 405, 380 N.E.2d 1082.) And since no notes were actually passed, we do not believe that appellant was prejudiced or denied a fair trial.

For the foregoing reasons, and those stated in *People v. Roberts*, we affirm the judgment of the circuit court of St. Clair County.

Judgment affirmed.

JONES, P. J., and SPOMER, J., concur.[1]

---

[1] Judge Moses Harrison II replaced Judge George J. Moran and Judge Dorothy Spomer replaced Judge Peyton H. Kunce, both of whom retired after oral argument.