THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL JOHNSON, Defendant-Appellant.

First District (3rd Division)    No. 77-1743

Opinion filed June 27, 1979.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Michael Johnson, was convicted of armed robbery in a jury trial and sentenced to serve four to six years in the penitentiary. On appeal the defendant contends that the court erred in admitting into evidence the testimony of a police officer that the complaining witness had made a prior out-of-court identification of the defendant, and that several improperly prejudicial comments by the prosecutor during closing arguments deprived him of a fair trial.

The complaining witness, Ned Waits III, testified that on April 9, 1975, he was walking to school on Adams Street in an easterly direction when an automobile traveling west on Adams stopped near him. As two men left the car, one man stepped in front of Waits while the other went behind him. The man in front of him took out a gun and demanded that Waits remove his coat. After Waits took off his coat, the man behind him took it and asked Waits if he had any money. Waits answered no and the two men re-entered the car and departed. Waits returned home, informed his father of the incident and notified the police.

Waits identified the defendant as the man with the gun and stated that he had observed the defendant in his neighborhood about two to three weeks before the crime. Waits testified that he had described the man with the gun for the police as a 150- to 160-pound, 18-year-old man who walked with a limp and had a crippled left arm and a hump back. He also gave the police the address of the man he had described.

Investigator Patrick Foley of the Chicago Police Department testified that he and his partner questioned the defendant subsequent to his arrest and after he was informed of his *Miranda* rights. The following then occurred:

"[Assistant State's Attorney: Q. Officer, when you said you informed Michael Johnson of the allegations against him, what exactly did you inform him?

A. I informed him that Ned Waits had identified him.

[Defense Counsel]: Objection, Judge, to out-of-court identification.

The Court: Objection overruled.

A. Ned Waits had identified him as the man who had the gun and robbed him, took his leather jacket."

In addition, Foley testified that the defendant stated that although he was present at the scene of the robbery, he did not participate in the crime.

Officer Michael O'Sullivan of the Chicago Police Department testified that he and his partner arrested the defendant in the vicinity of 25 South Central Park, the address Waits had given the police.

The defendant testified that he was walking on Adams Street when he noticed three boys taking Waits' coat and "slinging him against the wall." He testified that he observed the robbery, laughed at the incident and watched the three boys as they ran past him. On cross-examination the defendant named the three boys who allegedly robbed Waits; however, he admitted that he did not volunteer this information to the police at the time of his arrest. After the defendant's testimony, the defense rested its case. The jury returned a verdict of guilty and judgment was entered thereon.

The defendant argues that the trial court erred in admitting Officer Foley's testimony that he informed the defendant that Waits had identified him. He maintains that Waits did not testify during the trial concerning this out-of-court identification; therefore, Foley's testimony concerning the prior identification was hearsay evidence and inadmissible. *People v. Ford* (1974), 21 Ill. App. 3d 242, 315 N.E.2d 87.

We disagree with the defendant's conclusion that Waits did not testify concerning his out-of-court identification. Waits testified that he gave the police a description of the man with the gun as a 150- to 160-pound, 18-year-old man who walked with a limp, had a crippled left arm and a hump back, and lived at 25 South Central Park. Although Waits admitted that he did not know the defendant by name on the date of the robbery, his detailed description of the defendant's physical characteristics constituted an identification.

■■ ■ Foley's testimony concerning the out-of-court identification was not impaired by hearsay objections. The main rationale underlying the hearsay exclusion is the opposing party's inability to subject the declarant to cross-examination and to test the veracity of his statements. (*People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164.) However, when as here, the declarant is present at trial, testifies concerning the prior identification

and is subject to cross-examination, the fundamental basis of the hearsay rule is absent. *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.

■■ Foley's testimony should have been excluded, however, pursuant to the rule that the testimony of a witness in court cannot be corroborated by introducing evidence that the witness made similar statements out of court. (*People v. Clark; People v. Williams* (1979), 71 Ill. App. 3d 547, 390 N.E.2d 32; *People v. Olmos* (1978), 67 Ill. App. 3d 281, 384 N.E.2d 853.) Although this testimony was improperly admitted into evidence, reversal is not warranted where the same matter has been proved by competent evidence. (*People v. Williams; People v. Smith* (1978), 64 Ill. App. 3d 1045, 382 N.E.2d 298; *People v. Torres* (1974), 18 Ill. App. 3d 921, 310 N.E.2d 780.) In the instant case, Waits positively identified the defendant in court and testified that he had observed the defendant in his neighborhood prior to the crime. Because of the corroborating evidence, we find that the admission of the testimony was harmless error.

The defendant also argues that he was denied a fair trial because of several improper comments made by the prosecutor during his closing argument. Improper comments by the prosecutor do not constitute reversible error unless they result in substantial prejudice to the defendant (*People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432, *cert. denied* (1970), 398 U.S. 954, 26 L. Ed. 2d 296, 90 S. Ct. 1881) or are a material factor in the defendant's conviction. (*People v. Clark* (1972), 52 Ill. 2d 374, 390, 288 N.E.2d 363, 371.) We find that the allegedly improper remarks did not substantially prejudice the defendant nor contribute to his conviction.

■■ The defendant first objects to the prosecutor's reference to the hearsay testimony of Officer Foley concerning the out-of-court identification. As we discussed above, the admission of this testimony was harmless error. Therefore, we believe the prosecutor's passing reference to the out-of-court identification was also harmless error.

The defendant also alleges that the prosecutor accused the defense counsel of using "an old sales trick" in his cross-examination of Waits and asserts that arguments which charge counsel with trickery tend to deprive the accused of a fair trial and should not be permitted. *People v. Freedman* (1954), 4 Ill. 2d 414, 123 N.E.2d 317.

■■ In the case at bar the defendant's counsel asked the following questions in his cross-examination of Waits:

"Q. You say that the fellow in front pulled a gun, isn't that right?
A. Yes.
Q. And he had a gun in his left hand; isn't that right?
A. No."

Because the defendant had a crippled left hand, it is reasonable to

conclude that the defendant's attorney was attempting to elicit inconsistent testimony from Waits. In the prosecutor's closing argument he commented:

> "There is one old sales trick used as a defense tactic * * * and that is you get someone to agree with you. You start out with small things and you get the person shaking their head yes. Sales work, they use it in managerial work, they use it in defense work * * *."

We agree with the State that the prosecutor was merely pointing out a trial tactic and not accusing the defendant's attorney of any misconduct. In *People v. Freedman* the evidence was close and highly conflicting on whether the defendant was able to form the required intent to commit the crime, so that the argument in question might have prejudiced the defendant. This was not the situation in the present case. In *People v. Bravos* (1969), 114 Ill. App. 2d 298, 252 N.E.2d 776, *cert. denied* (1970), 397 U.S. 919, 25 L. Ed. 2d 100, 90 S. Ct. 927, in which the prosecutor suggested that the defense was acting "tricky," and employing unethical tactics, the court stated:

> "Convictions are not reversed simply because either or both sides made a few comments which would have been better not made. In view of the clear and convincing evidence of guilt we cannot say that such remarks prejudicially influenced the jury or that the verdict would have been otherwise had the remarks not been made * * *." (114 Ill. App. 2d 298, 320-21, 252 N.E.2d 776, 787.)

We find this holding applicable to the case at bar.

The defendant's final objection concerns the prosecutor's comment that "if you do * * * take sympathy on him * * * what you are doing is giving him a license to go out there and stop kids on their way to school * * * if you let this person go now, if he has a clever attorney * * * maybe one day you may read in the papers * * * someone was shot on the street and a gun was used." Although the court sustained an objection to this argument, the defendant maintains that the inflammatory nature of this statement resulted in prejudice to him.

■■ The State's attorney, in closing argument, is permitted to dwell upon the results of a crime and to comment upon its effect upon the community. (*People v. Brown* (1959), 16 Ill. 2d 482, 158 N.E.2d 579; *People v. Madden* (1978), 57 Ill. App. 3d 107, 372 N.E.2d 851.) In *Madden* the prosecutor cautioned the jury that an acquittal of the charge of rape would constitute "an invitation * * * that they should come to your neighborhood * * * when your daughter goes out on a date and your wife has to go to the store." The court held that these remarks did not

constitute reversible error. We conclude in this case that the prosecutor's remark was within the realm of fair comment and did not result in substantial prejudice to the defendant.

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.