THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINCENT GALLOWAY, Defendant-Appellant.

First District (3rd Division)    No. 77-590

Opinion filed July 18, 1979.

James J. Doherty, Public Defender, of Chicago (Vito Colucci and Gail A. Moreland, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Vincent Galloway, along with three co-defendants, Samuel Williams, Lamont Schumate, and Michael Boyd, was charged with aggravated battery, aggravated kidnapping, deviate sexual assault, and rape of Robin Wells and Joyce Tribble. After a jury trial, Galloway, Schumate, and Boyd were convicted of the aggravated battery of Robin Wells, but they were acquitted on all other charges. Williams was acquitted on all charges. Galloway was sentenced to serve a term of one to three years. On appeal, Galloway contends: (1) his right to poll the jury was denied and (2) certain remarks during the prosecutor's closing argument deprived him of a fair trial. We affirm.

On June 30, 1975, Robin Wells and Joyce Tribble were at a lounge located in Chicago, Illinois. As the lounge was closing, Wells asked Williams, an acquaintance, whether she and Tribble could have a ride to another lounge. When he agreed to give them a ride, the girls followed Williams and Boyd to a car where they were joined by Galloway and Schumate.

Galloway drove the group to the rear of a "seemingly abandoned" building instead of the lounge which was their original destination. According to the girls, Williams had a baseball bat in his hand when he got out of the car. Wells also testified that Schumate removed a gun from the hood of the car. The girls were then taken into an apartment located in the dirty and run-down building. The apartment was barren except for a single mattress which was on the floor. The girls testified that each of the defendants forced them to engage in various sexual activities.

After the girls dressed, they were brought into a room with all four defendants. Wells looked on as Tribble was beaten with a belt and coat hanger. Next Tribble was locked in a closet while Schumate struck Wells with a belt buckle and Galloway beat her with a coat hanger. After the beatings, Wells was taken to a phone booth so that she could call her employer. She managed to escape and then boarded a passing bus.

After getting off the bus, she called the police. Wells led the police to the apartment where they discovered a mattress and some bent hangers. She was then taken to a hospital where an examination revealed abrasions and contusions of the right wrist and buttocks area. In addition, she suffered a fractured vertebra.

Defendant first argues that he was denied the right to poll the jury. When the jury was about to be polled, the clerk told the jurors:

> "I'm going to ask you a question. I will say, 'Was this and is this your verdict now?'

I will call your number separate. When I do, please stand up and say, 'Yes, it was my verdict and it is now.' "

The clerk proceeded to question the jurors and received answers of "Yes" from the first 10 jurors. After questioning the 10th juror, however, the clerk indicated that the jury had been polled; no further jurors were polled. Galloway's counsel made no objection.

■■ Defendant complains that error was committed when the clerk only polled 10 of the 12 jurors. We initially note that defendant has waived this issue for review by failing to object at the time of trial and by failing to raise the point in his post-trial motion. (*People v. Evans*, 41 Ill. App. 3d 15, 24, 353 N.E.2d 264, 270 (1976).) Any oversight could have been corrected immediately if defense counsel had made an objection at the time. (See *Evans*, 41 Ill. App. 3d 15, 24, 353 N.E.2d 264, 270.) Therefore, defendant has waived this point by failure to object when the jurors were polled. Even if we were to consider this issue, we would not find that any prejudice resulted in view of the clear evidence of aggravated battery.

■■■ Defendant also claims that error occurred when the clerk told the jurors to respond, "Yes, it was my verdict, and it is now," because the jurors were thereby barred from expressing dissatisfaction with the verdict. We again find that defendant has not preserved this point for review because of his failure to object at the time the jurors were polled. (*People v. Herron*, 30 Ill. App. 3d 788, 790, 332 N.E.2d 623, 624 (1975).) Moreover, even if we were to consider this argument, we do not find any prejudicial harm resulted. We do not believe that the record demonstrates that any of the jurors were prevented from giving a negative answer. (See *People v. Preston*, 76 Ill. 2d 274, 286, 391 N.E.2d 359, 365 (1979).) The question gave the jurors an opportunity to express their assent to or dissent from the verdict. Under the circumstances of this case, especially in view of the clear evidence of aggravated battery, we conclude that no prejudicial harm resulted.

■■ Defendant also complains that certain of the prosecutor's comments during closing argument deprived him of a fair trial. At the outset, we note that none of the comments complained of were objected to by defense counsel at the time of trial. Therefore, he has waived these points on appeal. (*People v. Stein*, 51 Ill. App. 3d 421, 429, 366 N.E.2d 629, 635 (1977).) Were we to review these issues, however, we would not find any prejudicial error.

First, he points to two instances in which the prosecutor, during his rebuttal argument, explained the absence of two witnesses. Defendant argues that the prosecutor stated facts which were not proved by the evidence during this explanation. We disagree with defendant's contention, because defense counsel invited these comments by earlier remarks in his closing argument.

■■ Defendant cannot complain that he has been prejudiced by any remarks of the prosecutor which have been invited or provoked by defense counsel. (*People v. Rodriguez*, 58 Ill. App. 3d 562, 568, 374 N.E.2d 904, 908 (1978).) In the instant case, defense counsel made reference in his closing argument to the fact that the State did not bring in the bus driver or a witness who lived in the apartment building where the offense occurred. In his rebuttal argument, the prosecutor proceeded to explain why these witnesses were not called to testify. Whenever defense counsel injects the failure to produce evidence or witnesses, that subject is then a proper subject of comment by the prosecution. (*People v. Del Genio*, 10 Ill. App. 3d 437, 445, 294 N.E.2d 78, 83 (1973); *People v. Durso*, 40 Ill. 2d 242, 253, 239 N.E.2d 842, 848 (1968); see *People v. Stewart*, 24 Ill. App. 3d 605, 615-16, 321 N.E.2d 450, 457-58 (1974).) We believe that the prosecutor's comments were a legitimate response to the argument of defense counsel and, thus, no prejudicial error occurred.

■■ Defendant also claims that the prosecutor's discussion of the lineup included comments which were not based on the evidence. We again find that this discussion was, in part, a response to defense counsel's remarks regarding why the State made a "big deal" out of the lineup. Moreover, the jury was told that counsels' remarks did not constitute evidence and was instructed to disregard any statement or argument made by the attorneys in closing argument if not based on the evidence. (See *People v. King*, 66 Ill. 2d 551, 559, 363 N.E.2d 838, 841 (1977); *People v. Olejniczak*, 73 Ill. App. 3d 112, 121-22, 390 N.E.2d 1339, 1345 (1979).) Thus, under the circumstances, defendant was not prejudiced.

■■ Defendant next complains about prosecutor's characterization of defense counsel's emphasis on the failure of the bus driver to testify as a "red herring." He claims that this comment charged defense counsel with an attempt to free his client by trickery. The use of the term "red herring" in closing argument has been viewed as not amounting to an accusation that defense counsel was trying to free his client by trickery. (*People v. Tolefree*, 14 Ill. App. 3d 754, 762, 303 N.E.2d 555, 560-61 (1973).) Similarly, we do not believe that this remark is sufficient to warrant reversal under the circumstances of the present case.

Defendant also maintains that prejudicial error occurred when the prosecutor commented on defense counsel's failure to discuss certain evidence in his closing argument. We do not believe that this comment can be classified as a charge of trickery and, therefore, no prejudicial error occurred.

■■ ■ Finally, defendant contends that prejudicial error was committed when the prosecutor told the jurors that they would be giving defendant a "free license" to stop at another night spot if they acquitted him. He also stated that the City of Chicago is the way it is because of people like the

defendants in this case. In his closing argument, the prosecutor may apprise the jury of the evil results of crime, denounce the wickedness of the defendant, and urge the fearless administration of the law if such comments are based on the evidence or legitimate inferences therefrom. (*People v. Trimble*, 27 Ill. App. 3d 353, 360, 326 N.E.2d 437, 442 (1975); *People v. Taylor*, 18 Ill. App. 3d 367, 373, 309 N.E.2d 642, 647 (1974).) Also, it is not improper to request the jury to consider the possibility that evil results might arise if defendant is released provided that such remarks are based on the evidence or legitimate inferences therefrom. (*Taylor*, 18 Ill. App. 3d 367, 373, 309 N.E.2d 642, 647; see *People v. Anderson*, 48 Ill. 2d 488, 497, 272 N.E.2d 18, 23-24 (1971).) We believe that the comments in the instant case fall within these principles, and, therefore, no prejudicial error was committed.

We have considered all of the remarks complained of, and we do not find that they deprived the defendant of substantial justice or were a material factor in his conviction. See *People v. Clark*, 52 Ill. 2d 374, 390, 288 N.E.2d 363, 372 (1972); *People v. Lewis*, 38 Ill. App. 3d 995, 999, 349 N.E.2d 528, 532 (1976).

Accordingly, the defendant's conviction for aggravated battery is affirmed.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.