THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KELLEY M. BOYLE, Defendant-Appellant.

Third District   No. 78-437

Opinion filed November 14, 1979.

Dennis A. DePorter, of Braud, Warner, Neppl and Westensee, Ltd., of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of conviction for reckless homicide entered by the circuit court of Rock Island County after a jury trial.

On December 18, 1977, at approximately 10 p.m., the defendant, Kelley M. Boyle, was operating a motor vehicle northbound on Seventh Street in the city of East Moline, Illinois. Seventh Street is a four lane north-south street. The traffic light was red when the defendant's vehicle, a red 1968 Chevrolet Camaro, approached the intersection of Seventh

Street and 42nd Avenue. Two motor vehicles, one in the left lane driven by Tim Fisher and the other in the right lane driven by Elizabeth Phillips, were already stopped. Defendant stopped his vehicle behind the Phillips vehicle.

At the trial Elizabeth Phillips testified that the bright lights of the Camaro first attracted her attention. Both of them were working. She also testified that when the Camaro pulled up behind her at the intersection it "tapped my back end." When the traffic light turned green the Fisher vehicle crossed the intersection before hers did. While she was in the intersection defendant "revved up his engine and pulled over into the west hand lane and proceeded to pass me." The Camaro went through the intersection and returned to the east lane. She had to apply her brakes to avoid hitting it. All three vehicles then proceeded north, the Fisher vehicle in the west northbound lane and the defendant's vehicle and the Phillips vehicle in the east northbound lane.

A collision occurred between defendant's motor vehicle and a motorcycle near the intersection of Seventh Street and 38th Avenue. The defendant knew that he had collided with something because he felt a slight jolt and saw two handlebars sticking over the front of his car. Defendant and his passenger, David W. Phillips, got out of the car and saw the rear wheel of a motorcycle imbedded in the front of the car. They did not see a body. Defendant and Phillips became frightened and ran away.

At trial Elizabeth Phillips testified that after defendant's vehicle passed her it "fishtailed and continued to accelerate." She thought the Camaro hit the curb because she saw sparks. She also saw the Camaro fishtail several times as it proceeded north. In her opinion the Camaro was travelling "at least 60 if not 65 or 70." She did not see anything in front of the Camaro and did not see the impact. On cross-examination Miss Phillips said that the sparks which she saw occurred at what was later determined the point of impact and that the fishtailing occurred after that point.

Tim Fisher testified that the Camaro was travelling between 60 and 70 miles per hour when it passed him and it continued to accelerate. Between 40th and 39th avenues Fisher saw a red taillight which he thought was on a motorcycle. He saw sparks and heard a crash. The Camaro moved a little to the right and left and continued on at a reduced rate of speed. Prior to the collision the defendant's vehicle did nothing unusual except accelerate in speed. It travelled in a straight line. Fisher saw only one light on defendant's vehicle.

Fisher and Miss Phillips found the body of the deceased, Brian Russell, on Seventh Street near the intersection with 38th Avenue.

On January 13, 1978, defendant was indicted for reckless homicide.

On May 8, 1979, defendant filed a written motion in limine to exclude from trial testimony and evidence anything involving any of the vehicles prior to the stop at the intersection of Seventh Street and 42nd Avenue. Defendant alleged that anything which occurred prior to the stop was immaterial and irrelevant and he would not receive a fair trial if it were introduced. A hearing on the motion was held after the completion of jury selection on May 8, 1979. Defendant, based upon discovery, stated that he believed the State would attempt to introduce evidence that he had been drinking prior to the collision even though he had not been charged with being under the influence of alcoholic liquor; that his vehicle had been disabled prior to the stop; that he had an argument with Robert Crum; and that he had disobeyed two stop signs on Oak Lawn Avenue. The trial court granted the motion in part and denied it in part, ruling that the State could introduce evidence of occurrences after the defendant's disabled vehicle was started again on Oak Lawn Avenue.

At trial Lucille Schwartz, who lived near Oak Lawn Avenue and Fifth Street in East Moline, testified that she saw defendant's vehicle on Oak Lawn Avenue facing in a westerly direction at approximately 9:30 p.m.; that one headlight was out and defendant had difficulty starting his car. When the engine started she thought it was a "pretty hot car." At 9:50 p.m. defendant's car left the area "at a pretty high rate of speed" and did not stop at the stop sign on Fifth Street.

Robert James Crum testified that he saw the red Camaro in front of his home on Oak Lawn Avenue at approximately 9:45 p.m. on December 18, 1977. Crum later saw the Camaro parked in front of the Schwartz house. He had an argument with defendant, who threatened him. When the defendant's vehicle left the area it did not stop at the intersection of Fifth Street and the service road. Crum said the tires were smoking and the Camaro was travelling at 75 or 80 miles per hour. He later saw the Camaro on Seventh Street at 42nd Avenue. After stopping, the vehicle proceeded through the intersection at more than 40 miles per hour. Crum said he saw sparks, which meant that the Camaro had "bottomed out" in the intersection.

Next the State requested that the trial court call David W. Phillips as a court's witness because Phillips was a hostile witness. Phillips had been a passenger in the defendant's car. The defendant objected because it had not been shown that Phillips was hostile. The court refused to call Phillips until there was some showing of hostility. The State introduced a transcript of the grand jury minutes. Defendant argued that there was no reason to believe that Phillips would change his testimony or be hostile. After arguments the court ruled that Phillips could be called as a court's witness based upon his testimony before the grand jury.

After he was given immunity from prosecution Phillips testified that

the defendant was a "little mad" because he could not get the car started. Phillips said he did not see the motorcycle; he did not see the collision; he did not feel the impact; he did not hear anything.

On his own behalf defendant testified that he saw nothing in front of him, even though he was looking. He did not remember hitting anything although he remembered a jolt. He did not realize that he had hit a motorcycle until he saw the handlebars sticking over the front of the car. He thought the motorcycle had been parked and he never saw the body.

Defendant said that he did not lose control of his motor vehicle and he did not fishtail before the point of impact. He estimated his speed at 45 or 50 miles per hour.

At the instruction conference defendant objected to People's Instruction No. 12, Illinois Pattern Jury Instructions, Criminal, No. 4.01 (1968) (hereinafter IPI), which defines the word "act" to include a failure or omission to take action. The defendant objected because there was no allegation in the indictment that defendant failed or omitted to do anything. The objection was overruled.

Defendant also objected to People's Instruction No. 16, IPI Criminal No. 7.10, defining the issues in reckless homicide, stating it was generalized and subsequent case law requires that the State be specific as to the acts of the defendant. The objection was overruled. During the closing argument the State's Attorney said, "* * * and that you will under this evidence return a verdict that Kelley Boyle is guilty of the offense of reckless homicide. The question is is he innocent so that you [sic] prepared to send him back and let him have his Camaro or do you * * *." The defendant objected that this was inflammatory and the objection was sustained.

The jury returned a verdict of guilty, and the defendant was sentenced to a period of two years probation with the condition that he serve 90 days incarceration in the county jail and assessed a fine of $500.

On appeal the defendant raises the following issues: (1) did the trial court err in denying defendant's motion in limine to exclude evidence and testimony concerning the defendant's driving and conduct sometime prior to the accident; (2) did the State fail to prove the defendant guilty beyond a reasonable doubt; (3) did the court err in calling witness David Phillips as a court's witness so as to prejudice the defendant; (4) did the court improperly instruct the jury as to the applicable law so as to prejudice the defendant; (5) was the defendant prejudiced by the closing argument of the State.

Defendant sought by his motion in limine to exclude the testimony of Lucille Schwartz and Robert Crum. That testimony concerned events which occurred on Oak Lawn Avenue nearly half an hour before the collision. Defendant argues that their testimony was irrelevant and

prejudicial. In support of his argument defendant cites several cases in which courts have determined evidence was irrelevant because it was too remote in time or distance from the collision: *Denton v. Midwest Dairy Products Corp.* (1936), 284 Ill. App. 279, 1 N.E.2d 807 (truck driven at an excessive speed six miles from the collision); *Rzeszewski v. Barth* (1944), 324 Ill. App. 345, 58 N.E.2d 269 (speed six blocks from the collision); *Guffey v. Gale* (1947), 332 Ill. App. 207, 74 N.E.2d 730 (speed three-quarters of a mile from the collision); *Pittman v. Duggan* (1949), 336 Ill. App. 502, 84 N.E.2d 701 (speed in town, one mile from collision out of town on the open road); *Hanck v. Ruan Transport Corp.* (1954), 3 Ill. App. 2d 372, 122 N.E.2d 445 (truck crossed center line 800 feet east of collision); and *Flesberg v. Prince Warehouse Co.* (1962), 37 Ill. App. 2d 22, 184 N.E.2d 813 (truck crossed center line one-half mile south of collision). Defendant also cites *Brown v. Nale* (1969), 106 Ill. App. 2d 238, 245 N.E.2d 9, in which the Fourth District concluded that the cases in which evidence has been excluded as too remote usually involved driving which could change in a short span of time or distance. Whether the evidence is to be excluded is, however, within the sound discretion of the trial judge. "The trial court, however, has the discretion to admit evidence where the facts and circumstances support a reasonable inference that the conduct continued from the point of observation to the place of collision." *Brown v. Nale* (1969), 106 Ill. App. 2d 238, 245 N.E.2d 9, 13.

■▮ In the instant case we believe that the trial court made a proper determination that the evidence of the witnesses was admissible. The excessive speed, smoking tires, and failure to stop at two stop signs was evidence of defendant's disregard of the safety of other persons properly upon the roadway. We believe that this testimony and that of Tim Fisher (defendant's rapid acceleration of speed), and Elizabeth Phillips (defendant's vehicle tapping hers at the stop light and his rapid maneuvering to pass her and then his acceleration of speed) show a continuous pattern of conduct by the defendant travelling less than a mile within 10 minutes prior to the collision. Generally, any competent evidence which tends to prove or disprove a necessary element of the crime charged is relevant. *People v. Newsome* (1919), 291 Ill. 11, 125 N.E. 735; 29 Am. Jur. 2d *Evidence* §252 (1967).

■▮ Defendant also complains that Crum testified that he was threatened by defendant. This testimony was elicited because defendant had questioned Crum about a prior statement by Crum that he thought defendant had been chasing him. While we do not believe evidence of the threat was relevant, we do not find that its admission was reversible error.

Next, defendant complains that he was not proved guilty beyond a reasonable doubt. Defendant does not argue that the indictment is insufficient; he argues that all the allegations of the indictment were not

proved. The indictment alleged, in addition to the language of the statute, that the vehicle driven by defendant was inoperable; that the panel lights of the vehicle were burned out; and that the vehicle was driven at a speed greater than was reasonable and proper. Defendant also argues that excessive speed alone is insufficient to convict for reckless homicide.

■ Under Illinois law the issues in a reckless homicide prosecution are that the defendant caused death by driving a motor vehicle recklessly; and he drove the motor vehicle in a manner likely to cause death or great bodily harm. (Ill. Rev. Stat. 1977, ch. 38, par. 9—3(a).) That is all that the State must prove. It is not necessary to allege or prove the particular acts upon which the prosecution will rely. (*People v. Clark* (1977), 55 Ill. App. 3d 496, 371 N.E.2d 33; *People v. Callaham* (1978), 60 Ill. App. 3d 1020, 377 N.E.2d 171.) Defendant cites *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476, and *People v. Coolidge* (1970), 124 Ill. App. 2d 479, 259 N.E.2d 851, to argue that the particular acts relied upon to sustain a charge of reckless driving must be alleged and proved. Even these cases, however, only require that facts be alleged which will inform the defendant of the nature of the charge against him and afford him protection against double jeopardy. We believe that the statutory allegations of the indictment in the instant case are sufficient to do both.

Therefore we must determine whether the State proved that defendant drove his vehicle recklessly and in a manner likely to cause death or great bodily harm. There is evidence that defendant disobeyed two stop signs, tapped the back end of the Phillips car, changed lanes without proper care, and drove at excessive speed. This took place at 10 p.m. in an area which was residential and commercial within the corporate limits of the city of East Moline, Illinois. Tim Fisher testified that, with the exception of excessive speed, defendant did nothing unusual and drove in a straight line within the two blocks prior to the collision. Fisher, driving in the other northbound lane, saw the motorcycle which defendant said he did not see.

■ Apparently defendant contends that since he was only speeding within the last two blocks before the collision, he cannot be held criminally liable for reckless driving. We cannot agree with that contention. While speed alone may be insufficient to sustain a conviction (*People v. Clark* (1970), 130 Ill. App. 2d 558, 265 N.E.2d 191), speed combined with other circumstances which indicate a conscious disregard of a substantial risk likely to cause death or great bodily harm to others is sufficient (*People v. Clark*; *People v. Baier* (1964), 54 Ill. App. 2d 74, 203 N.E.2d 633; *People v. Bonzi* (1978), 65 Ill. App. 3d 927, 382 N.E.2d 1300).

■ The indicium of conscious disregard need not be shown solely by the maneuvering of the motor vehicle. It may include the physical condition of the driver (*People v. Callaham*) or the failure to keep a proper lookout

(*People v. Schwartz* (1921), 298 Ill. 218). In the instant case the State proved excessive speed plus the failure to keep a proper lookout. This is sufficient to prove defendant guilty beyond a reasonable doubt.

The defendant next argues that the court erred in calling David Phillips as a court's witness and thereby prejudicing defendant in the eyes of the jury.

Whether a witness is called as a court's witness is within the sound discretion of the trial court. (*People v. Robinson* (1974), 21 Ill. App. 3d 343, 315 N.E.2d 95.) If the State does not wish to vouch for the veracity of a witness, it may request that the witness be called as a court's witness. (*People v. Cardinelli* (1921), 297 Ill. 116, 130 N.E. 355; *People v. Schaeffer* (1933), 353 Ill. 509, 187 N.E. 452.) The purpose of this procedure is to avoid a miscarriage of justice which might occur without that testimony. (*People v. Schaeffer; People v. Johnson* (1929), 333 Ill. 469, 165 N.E. 235.) The practice of calling a witness as a court's witness should be sparing, and permission should be granted only after a proper foundation has been laid showing the reasons why the party requesting the procedures does not wish to vouch for the veracity of the witness. *People v. Moriarity* (1966), 33 Ill. 2d 606, 213 N.E.2d 516.

In the instant case the State presented to the court a transcript of the grand jury minutes. Apparently the grand jury was dissatisfied with the testimony given by Phillips and his insistence that he could not remember what occurred. Since Phillips was an eyewitness to the collision and his grand jury testimony was given less than a month after the collision, we cannot fault the State for being unwilling to vouch for his veracity. In addition we cannot say that the trial court, after reviewing a transcript of the grand jury minutes, abused its discretion in calling Phillips as a court's witness.

Defendant next complains that the court improperly instructed the jury as to the applicable law so as to prejudice the defendant.

Defendant objected to People's Instruction 12, IPI Criminal No. 4.01, defining the term "act" as including a failure to act. There is evidence from which it may be inferred that defendant failed to keep a proper lookout and failed to take action to avoid the collision. This is sufficient for the giving of IPI Criminal No. 4.01. *People v. Callaham* (1978), 60 Ill. App. 3d 1020, 377 N.E.2d 171.

Defendant also objected to People's Instruction 16, IPI Criminal No. 7.10, defining the issues in reckless homicide. This matter has been discussed above and we have nothing further to say here.

Lastly, defendant complains that during his closing argument the State's Attorney said, " * * * and you will under this evidence return a verdict that Kelly Boyle is guilty of the offense of reckless homicide. The question is is he innocent so that you [*sic*] prepared to send him back and

let him have his Camaro * * *." Defendant argues that the statement implies that if he were found not guilty defendant would go out and kill again.

■■ Statements made during argument are to be based upon the evidence introduced at trial and the inference legitimately to be made from that evidence. In addition, a prosecutor may comment unfavorably on the accused and the evils of crime and urge a fearless administration of the law (*People v. Anderson* (1971), 48 Ill. 2d 488, 272 N.E.2d 18) when those comments are based upon competent and pertinent evidence (*People v. Miller* (1958), 13 Ill. 2d 84, 148 N.E.2d 455). It is error for the prosecutor to express a personal opinion or to attempt to inflame the passion of the jury or arouse the prejudice of the jury against the defendant. *People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14.

■■ We have carefully considered the remark made by the State's Attorney in the instant case. While we are not convinced that it was a proper remark, in the light of the evidence we do not believe that it affected the jury's verdict. Improper remarks which are unlikely to have affected a verdict do not require reversal. *People v. Miller* (1964), 30 Ill. 2d 110, 195 N.E.2d 694.

For the reasons stated above the judgment of the circuit court of Rock Island County is hereby affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.