THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EARNEST JACKSON, Defendant-Appellant.
Third District   No. 79-165

Opinion filed May 21, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's
Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A.
Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for
the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the
court:
In this appeal by the defendant, Earnest Jackson, following his
convictions on two counts of armed robbery and one count of aggravated
kidnapping, issues are raised concerning the propriety of prosecutorial
conduct during the cross-examination of the defendant and closing
argument. According to the State, the issues raised concerning
prosecutorial comment during closing argument have been waived
because the defense either failed to object or failed to include the
objection in its post-trial motion.

Waiver can certainly result from such inaction (*People v. Fowler* (1979), 72 Ill. App. 3d 491, 390 N.E.2d 1377; *People v. Matthews* (1979), 69 Ill. App. 3d 65, 387 N.E.2d 10), and issues so waived will be considered on appeal only if the prosecutor's comments were so prejudicial as to deny the defendant a fair trial or so flagrant as to threaten the deterioration of the judicial process (*People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324; *People v. Ross* (1978), 60 Ill. App. 3d 857, 377 N.E.2d 230).

During rebuttal argument, the prosecutor referred to the defendant as an armed robber, without objection from the defense, and referred to a statement, allegedly made by the defendant, to the effect that Joliet was an easy target, by informing the jury that the return of a not guilty verdict would mean the defendant is correct. To this second point, the defense did object. However, the defense counsel did not state the grounds for the objection and did not request a ruling on the objection. Instead, the defense counsel indicated that the defense was "just" objecting. Furthermore, this alleged error was not specifically included in the defendant's motion for a new trial, although it was there generally alleged that the defendant did not receive a fair trial.

While reference to a defendant as an armed robber is within the bounds of argument in a case involving an allegation of armed robbery, a prosecutor can not refer to a defendant as being a professional robber or comment that robbery was the defendant's occupation. See *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096.

In the case at bar, the prosecutor specifically stated: "He said he came back to his job. Which job? His truck driver job or his armed robbery job?" While the State argues that this is merely a reference to the incident for which the defendant is being tried, we can not agree. The prosecutor compared the defendant's participation in armed robbery to his truck driving occupation. By implication, then, the prosecutor must be referring to armed robbery as the defendant's occupation. And this type of comment has been considered prejudicial error. *People v. Fort* (1958), 14 Ill. 2d 491, 153 N.E.2d 26; *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096.

In addition, the State prosecutor's argument concerning the alleged statement that Joliet was an easy target for crime certainly appealed to the fears and prejudices of the jury. While such an error might, under some circumstances, be considered harmless (see *People v. Blackman* (1976), 44 Ill. App. 3d 137, 358 N.E.2d 50), the combined effect of the prosecutor's improper arguments was certainly not harmless. Of course, the State continues to argue that this issue was waived, but the question of waiver need not be here considered since remandment is required by the prosecutor's reference to the defendant's occupation as armed robbery. It

will suffice to indicate that, on remandment, it is expected that the prosecutor will refrain from resorting to an argument appealing to the fears and prejudices of the jury.

Likewise, remandment precludes the necessity of discussing the propriety of the sentences imposed.

For the foregoing reasons, the judgment of the Circuit Court of Will County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY, J., concurs.

Mr. JUSTICE BARRY, dissenting:

In reversing the defendant's conviction and remanding for a new trial, the majority concludes that plain error was committed during rebuttal argument when the prosecutor made reference to armed robbery as the defendant's occupation, and stated that an acquittal would show that the defendant was correct when he stated that Joliet was an "easy target for crime." I disagree, and accordingly respectfully dissent.

The majority relies upon *People v. Fort* (1958), 14 Ill. 2d 491, 153 N.E.2d 26, and *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096, in holding that the prosecutor's reference to defendant's return to his "armed robbery job" was highly prejudicial and plain error necessitating reversal. However, both *Fort* and *Natoli* are factually distinguishable, as the prosecutorial misconduct in those cases is considerably more egregious than the alleged misconduct in the instant case. In *Fort*, the state's attorney, referring to the defendant during closing argument, stated that he " 'is a rapist now. He was a rapist before, and he will always be a rapist.' " (14 Ill. 2d 491, 500, 153 N.E.2d 26, 31.) The supreme court correctly held that such commentary was impermissible because it implied that the defendant had committed rape in the past and possessed an inherent tendency to commit rape in the future. In *Natoli*, the state's attorney made repeated references to selling drugs as being the defendant's business.

Neither *Fort* nor *Natoli* is similar to the case at bar. Although I certainly do not approve of the prosecutor's comment regarding the defendant's "armed robbery job," this statement does not constitute the type of flagrant prosecutorial misconduct illustrated in *Fort* and *Natoli*. I do not believe that this one isolated reference was so prejudicial as to amount to plain error. As this court stated in *People v. Boyce* (1979), 78 Ill. App. 3d 791, 799, 396 N.E.2d 1347, 1354, "[i]mproper remarks which are unlikely to have affected a verdict do not require reversal."

Nor do I believe that the statement of the prosecutor that an acquittal

would prove the defendant to be correct when he stated that Joliet was an easy target for crime constitutes reversible error, either singly or in conjunction with the "armed robbery job" comment. It is well settled that in closing argument the state's attorney is permitted to comment upon the effect of crime in the community. (See, *e.g.*, *People v. Johnson* (1979), 73 Ill. App. 3d 431, 392 N.E.2d 587; *People v. Madden* (1978), 57 Ill. App. 3d 107, 372 N.E.2d 851.) The statement by the prosecutor here did not go beyond the bounds of fair comment, in my opinion, and did not result in substantial prejudice to the defendant, even if considered with the earlier "armed robbery job" reference. Accordingly, I would affirm the defendant's conviction.