THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS ANDERSON, Defendant-Appellant.

Second District    No. 80-167

Opinion filed May 1, 1981.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Following a jury trial defendant, Lewis Anderson, was convicted of burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1) and sentenced to a term of 42 months' imprisonment. His sole contention on appeal is that prejudicial remarks made by the prosecution during closing arguments denied him a fair trial. We do not agree and affirm.

The record discloses that on December 9, 1979, Detective Roland Donnelli of the Rockford Police Department responded to a radio dispatch that a burglar alarm had been set off at the West End Pharmacy. Upon arriving at the scene Detective Donnelli observed a man walking inside the store. He summoned additional help on his radio and Officers Jeffrey Morris, Sam Pobjecky and Irma Olson responded to his call and several of the officers entered the pharmacy through a broken window. After a brief search, they discovered defendant crouched in a cubby hole

between a filing cabinet and a refrigerator in the pharmacy. A bottle of pills and currency were found on defendant's person.

Defendant testified that on the morning in question, he was visiting his sister, who lived directly above the pharmacy in a third-floor apartment. As he left the apartment at about 2:25 a.m., he stated he heard a noise that sounded like glass breaking and when he was halfway down the second flight of stairs, a black man and woman passed him coming up the stairway. Anderson testified he was apprehended after he had left the building and he denied committing the offense. Defendant's sister, Essie Stevenson, gave testimony which corroborated portions of his version of the events leading to his arrest.

■■ Defendant bases his claim of error on portions of the State's final argument contending that the prosecutor misstated the law of presumption of innocence, that he expressed his personal opinion of the defendant's guilt, that he vouched for the credibility of his own witnesses, and appealed to the fears and prejudices of the jury. Defendant did not, however, raise any objections to the allegedly improper comments either during the trial or in his post-trial motion. Accordingly, any error occurring in argument is waived unless the comments were so prejudicial as to deny defendant a fair trial or so flagrant as to threaten deterioration of the judicial process. (*People v. Jackson* (1980), 84 Ill. App. 3d 172, 405 N.E.2d 448; *People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931.) Improper remarks do not rise to the level of plain error unless they constituted a material factor in the conviction (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363), resulted in substantial prejudice to the accused (*People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432, *cert. denied* (1970), 398 U.S. 954, 26 L. Ed. 2d 296, 90 S. Ct. 1881), or the verdict would have been different had the comments not been made (*People v. Naujokas* (1962), 25 Ill. 2d 32, 182 N.E.2d 700).

■■ The prosecutor argued that, although the presumption of innocence was a "good rule of law," he wanted the jury to "look at the other side of the coin of that rule of law" and suggested that defendant, knowing the State had such a strong case against him, had asked for a trial and taken the stand in order to fool the jury into thinking there was something to his defense. While a prosecutor's misstatement of law in closing argument can be grounds for reversal (*People v. Crossno* (1981), 93 Ill. App. 3d 808, 417 N.E.2d 827; *People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931), it seems apparent that a statement approving the principle of presumption of innocence and pointing to the strength of the State's evidence does not fall within this rule.

■■ Defendant also contends that the prosecutor improperly expressed his personal opinion of defendant's guilt when he urged that defendant's choice of a trial was merely a defense of desperation in the hope that the

jury might believe defendant's lies despite the fact that he was caught in the act of burglary. He relies upon *People v. Young* (1975), 33 Ill. App. 3d 443, 337 N.E.2d 40, and *People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880, in support of this argument. While these cases stand for the proposition that it is improper for a prosecutor to suggest a motive other than the defendant's innocence for his election to proceed to trial rather than pleading guilty, such remarks did not of themselves there require reversal. In *Young*, the court placed great emphasis on numerous other remarks made by the prosecution during closing argument in which the State's Attorney referred to facts which had not been introduced into evidence and also commented upon the credibility of a person who had not testified. Similar remarks in *Weathers* warranted reversal because they were coupled with other comments, made after repeated admonishments by the court, that defendant had lied and that he was an habitual criminal who had not been caught before, despite the fact that he had never previously been arrested. While we do not condone prosecutorial comments of this type, we do not believe that in light of the testimony of four police officers who observed defendant during the commission of the crime, that the comments of which defendant complains caused substantial prejudice to him or were a material factor in his conviction.

Defendant also contends that the prosecutor expressed his personal opinion of defendant's guilt when he stated that defendant hoped the jury would believe his "bold-faced lie that he gave to you from this stand" and improperly vouched for the credibility of the State's witnesses by arguing that the police officers who testified were not lying and asking the jury "what more is required to convict somebody of burglary if you're ready to say these officers are lying?" It is well established that an assertion by a prosecutor that a defendant or his witness did not tell the truth is improper unless based upon the evidence or a reasonable inference therefrom. (*People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931; *People v. Smith* (1977), 52 Ill. App. 3d 583, 367 N.E.2d 756.) In the present case, however, the prosecutor's remarks were drawn from the facts in evidence. It was permissible for the prosecutor to inform the jury that in judging the defendant's credibility they could consider whether the State's witnesses had a motive to lie and the fact that the defense had been unable to show such motive. The State's Attorney's assertion that defendant was not telling the truth in this case was based upon his impeachment by the record of his prior conviction for burglary. (See *People v. Martinez* (1977), 45 Ill. App. 3d 939, 360 N.E.2d 495; *People v. Hill* (1978), 58 Ill. App. 3d 494, 374 N.E.2d 827.) Nor did the prosecutor improperly vouch for the credibility of the State's witnesses. While it is indeed improper for the prosecutor to place the integrity of the office of the State's Attorney behind the credibility of a witness (*People v. Cole* (1980), 80 Ill. App. 3d

1105, 400 N.E.2d 931; *People v. Martin* (1975), 29 Ill. App. 3d 825, 331 N.E.2d 311; *People v. Bitakis* (1972), 8 Ill. App. 3d 103, 289 N.E.2d 256), it is equally well established that a prosecutor may discuss the witnesses and their credibility (*e.g., People v. Dykes* (1978), 66 Ill. App. 3d 403, 383 N.E.2d 1210), and he is entitled to assume the truth of the State's evidence. (*People v. Smith* (1977), 52 Ill. App. 3d 583, 367 N.E.2d 756.) In our view, the prosecutor's remarks fell within the bounds of permissible comment directed to the credibility of the witnesses and the evidence in the case.

■■ Defendant's final contention is that the prosecutor improperly appealed to the fears and prejudices of the jury when he stated: "If you do think that more is required to convict someone of burglary than you have seen in our trial, then heaven help our homes and heaven help our city." While a prosecutor should refrain from inflammatory appeals to the fears and prejudices of the jury (*People v. Jackson* (1980), 84 Ill. App. 3d 172, 405 N.E.2d 448), it is not improper to dwell on the evils of crime and to exhort the jury to fearlessly administer the law, provided that such remarks are based upon the evidence or legitimate inferences therefrom. (*People v. Crossno* (1981), 93 Ill. App. 3d 808, 417 N.E.2d 827; *People v. Galloway* (1979), 74 Ill. App. 3d 624, 393 N.E.2d 608.) While these remarks approach the bounds of propriety, they did not exceed it in this case. See *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.

For the foregoing reasons the judgment of conviction and sentence for burglary is affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.